UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ANTHONY VIVIANS, | ) |
|               *Plaintiff*, | ) ) ) |
|     *vs*. | ) ) No. 3:20-cv-00107-JMS-MPB |
| LOWE, CITY OF EVANSVILLE, SEVERAL UNKNOWN OFFICERS, K9 UNIT, and EPD, | ) ) ) ) ) |
|              *Defendants*. | ) ) ) |

**ORDER**

Plaintiff Anthony Vivians seeks recovery for harm caused during an arrest by the Evansville Police Department ("EPD"). [Filing No. 1.] Presently before the Court is a Motion for Summary Judgment filed by Defendants. [Filing No. 19.] Mr. Vivians failed to respond to Defendants' motion and the time to do so has passed. For the following reasons, Defendants' Motion for Summary Judgment is granted.

**I.**
**PROCEDURAL HISTORY**

Mr. Vivians filed a Complaint on May 5, 2020, alleging claims under the Fourth and Fourteenth Amendments against the City of Evansville, EPD, the "K9 Unit," Detective Lowe, and several unknown officers. [Filing No. 1.]

On July 22, 2020, the Court screened Mr. Vivians' Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). [Filing No. 8 at 3.] The Court's Screening Order permitted claims against Detective Lowe and the unknown officers, in their individual capacities, to move forward. [Filing No. 8 at 3.] However, the Court determined that the City of Evansville "cannot be held liable

under § 1983 on a *respondeat superior* theory," [Filing No. 8 at 3 (citing *Monell v. New York City Dept. of Soc. Servs*, 436 U.S. 658, 690, n. 55 (1978))], and that EPD is a municipal police department which is not a suable entity under Indiana law, [Filing No. 8 at 3 (citing *Sow v. Fortville Police Dept*., 636 F.3d 293, 300 (7th Cir. 2011).] The screening order did not address Defendant K9 Unit specifically. [Filing No. 8 at 3.] The Court now finds that to the extent the K9 Unit is a subdivision of the EPD, the K9 Unit is likewise not a suable entity under Indiana law and **DISMISSES WITH PREJUDICE** all claims asserted against it. *See Sow,* 636 F.3d at 300.

The Court issued a Scheduling Order on November 24, 2020, which established a discovery deadline of May 21, 2021, and a dispositive motion deadline of June 25, 2021. [Filing No. 17.] Defendants timely filed their Motion for Summary Judgment on Mr. Vivians' remaining claims against Detective Lowe and the unnamed officers. [Filing No. 19.] Mr. Vivians did not respond to Defendants' motion.

## II.
### Mr. Vivians' Location

The Court notes that, according to the Indiana Department of Correction's Offender Database, Mr. Vivians has been transferred to the Branchville Correctional Facility. *See* Indiana Offender Database Search, Indiana Department of Corrections, https://www.in.gov/apps/indcorrection/ofs/ofs?lname=Vivians&fname=&search1.x=0&search1.y=0 (last visited December 20, 2021). While Mr. Vivians has neither updated his address with the Court nor responded to Defendants' Motion for Summary Judgment, the Court notes that Defendants have served their most recent filings upon Mr. Vivians at his current address. [Filing No. 19; Filing No. 20; Filing No. 21; Filing No. 22.] Therefore, the Court finds that Mr. Vivians was properly served. The Clerk is **DIRECTED** to update the docket to reflect Mr. Vivians's

address as set forth in the distribution below. Mr. Vivians is reminded of his obligation to update the Court with his current address.

### III.
#### STANDARD OF REVIEW

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Johnson v. Cambridge Indus.*, 325 F.3d 892, 901 (7th Cir. 2003). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011).

Each fact asserted in support of or in opposition to a motion for summary judgment must be supported by "a citation to a discovery response, a deposition, an affidavit, or other admissible evidence." S.D. Ind. L.R. 56-1(e). And each "citation must refer to a page or paragraph number or otherwise similarly specify where the relevant information can be found in the supporting evidence." *Id.* The Court need only consider the cited materials and need not "scour the record" for evidence that is potentially relevant. *Grant v. Trustees of Ind. Univ.*, 870 F.3d 562, 572-73 (7th Cir. 2017) (quotations omitted); *see also* Fed. R. Civ. P. 56(c)(3); S.D. Ind. L.R. 56-1(h). Where a party fails to properly support an assertion of fact or fails to properly address another

party's assertion of fact, the Court may consider the fact undisputed for purposes of the summary judgment motion. Fed. R. Civ. P. 56(e)(2).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Hampton v. Ford Motor Co.*, 561 F.3d 709, 713 (7th Cir. 2009). In other words, while there may be facts that are in dispute, summary judgment is appropriate if those facts are not outcome determinative. *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 525 (7th Cir. 2005). Fact disputes that are irrelevant to the legal question will not be considered. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## IV.
### STATEMENT OF FACTS

The following factual background is set forth pursuant to the standards detailed above. The facts stated are not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light most favorable to "the party against whom the motion under consideration is made." *Premcor USA, Inc. v. American Home Assurance Co.*, 400 F.3d 523, 526-27 (7th Cir. 2005).

Shortly after midnight on January 28, 2020, Detective Lowe and other members of EPD were dispatched to respond to an incident ("the Incident") at 719 East Chandler Avenue, Evansville, Indiana ("the Residence"). [Filing No. 19-1 at 2.] The EPD Officers were informed that an armed individual, later identified as Mr. Vivians, had kicked in a door at the Residence. [Filing No. 19-1 at 2.] Witnesses informed the Officers that once inside the Residence, Mr. Vivians threatened an individual residing there with a handgun and then "struck her in the head four (4) times with a heavy plastic toolbox that was full of tools." [Filing No. 19-1 at 2; Filing No. 19-1 at

4

6.] Mr. Vivians had fled the scene by the time that the EPD Officers arrived. [Filing No. 19-1 at 2.]

Upon arriving at the Residence, Detective Lowe spoke with the victim and interviewed other witnesses who were at the Residence at the time of the Incident. [Filing No. 19-1 at 3.] Elsewhere, other EPD Officers apprehended Mr. Vivians in a gray 2008 Chevy Impala parked nearby. [Filing No. 19-1 at 8.] EPD maintains that Mr. Vivians "did not comply with officers' commands to exit the vehicle and force was used during his apprehension." [Filing No. 19-1 at 8.] EPD's use of force included a "less lethal impact bean-bag round and K-9." [Filing No. 19-1 at 3.]

Detective Lowe attests that he "did not have any contact or encounter with [Mr.] Vivians" on the night of the Incident and only learned of the circumstances of Mr. Vivians' apprehension after the fact. [Filing No. 19-1 at 2.] Detective Lowe further attests that he did not use force against Mr. Vivians, did not direct the use of force against Mr. Vivians, and "was not involved with [Mr. Vivians'] apprehension in any way." [Filing No. 19-1 at 2.]

## V.
### DISCUSSION

Defendants argue that Mr. Vivians' claims against the unknown officers and Detective Lowe both fail as a matter of law. The Court considers each argument in turn.

### A. Unknown EPD Officers

Defendants argue that Mr. Vivians' claims against the unknown officers fail as a matter of law because "it is pointless to include lists of anonymous defendants in federal court." [Filing No. 20 at 2 (citing *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted.))]

Mr. Vivians did not respond to Defendants' Motion for Summary Judgment.

As a practical and legal matter, Mr. Vivians cannot proceed against unnamed defendants. "Plaintiffs may sue unknown defendants and use discovery to identify them; unless they receive

leave for more time, they must identify and serve these defendants within ninety days of filing suit." *Martin v. Noble Cty. Sheriff's Dep't*, 2021 WL 5505407, at *2 (7th Cir. 2021).

Pursuant to the Court's scheduling order, Mr. Vivians was given the opportunity to amend his Complaint prior to February 5, 2021. [Filing No. 14 at 3-4.] Mr. Vivians was also given the opportunity to conduct discovery prior to May 21, 2021. [Filing No. 14 at 3-4.] Despite the passage of these deadlines, Mr. Vivians has made no attempt to identify or name the unknown officers and has failed to ask for additional time to do so.

Accordingly, Mr. Vivians' claims against unknown officers fail as a matter of law and cannot proceed. Therefore, the Court **GRANTS** Defendants' Motion for Summary Judgment as to those claims.

### B. Detective Lowe

Defendants argue that Mr. Vivians' claims against Detective Lowe fail for three reasons: (1) Detective Lowe lacked personal involvement in Mr. Vivians' apprehension, [Filing No. 20 at 6]; (2) "Detective Lowe could not have used excessive force, because he did not use any force at all," [Filing No. 20 at 5]; and (3) Detective Lowe is entitled to qualified immunity, [Filing No. 20 at 7.]

Again, Mr. Vivians did not respond to Defendants' Motion for Summary Judgment.

Individual liability under § 1983 requires "personal involvement in the alleged constitutional deprivation." *Minix v. Canarecci,* 597 F.3d 824, 833 (7th Cir. 2010). To survive summary judgment, a plaintiff claiming a violation of § 1983 must produce evidence that the defendant "caused or participated in [the] constitutional deprivation." *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011). "Although direct participation is not necessary" to demonstrate personal involvement, "there must at least be a showing that [a defendant] acquiesced in some

demonstrable way in the alleged constitutional violation." *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003).

There is no evidence in the record that suggests that Detective Lowe was personally involved in the apprehension of Mr. Vivians or the use of force against him. As discussed above, Detective Lowe attests that he did not use force against Mr. Vivians, did not direct the use of force against Mr. Vivians, and "was not involved with [Mr. Vivians'] apprehension in any way." [Filing No. 19-1 at 2.] Detective Lowe's testimony is consistent with the probable cause affidavit submitted in support of the criminal charges filed against Mr. Vivians related to the Incident. [Filing No. 19-1 at 7 (probable cause affidavit stating "Officers were able to locate [Mr.] Vivians . . . one block south of the residence," but not mentioning Detective Lowe specifically.)] Mr. Vivians has introduced no evidence to the contrary, and no evidence in the record contradicts Detective Lowe's testimony.

The Court finds that Mr. Vivians has failed to show, through record evidence, that Detective Lowe was personally involved with Mr. Vivians' apprehension or the use of force against him. Without such evidence, Detective Lowe cannot be liable under § 1983. *See Minix*, 597 F.3d at 833. Therefore, the Court **GRANTS** Defendants' Motion for Summary Judgment as to the claims against Officer Lowe.[1]

---

[1] Because the Court finds Detective Lowe's lack of personal involvement dispositive, the Court need not address Defendants' remaining arguments.

## VI.
### CONCLUSION

For the foregoing reasons, the Court **DISMISSES WITH PREJUDICE** all claims against Defendant K9 Unit and **GRANTS** the remaining Defendants Motion for Summary Judgment, [19]. The Clerk is **DIRECTED** to update the docket to reflect Mr. Vivians' address as set forth in the distribution below. Final judgment shall issue accordingly.

Date: 12/22/2021

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via U.S. Mail to:**

ANTHONY VIVIANS
DOC #270270
Branchville Correctional Facility
21390 Old State Road 37
Branchville, IN 47514